IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED
JAN 15 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF DECEMBER 1, 2006 MASTR ASSET-BACKED SECURITIES TRUST 2006-HE5 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE5, *Plaintiff,* § § § § § § § § § § § § | |
| v. § | Case No. 6:17-CV-00149-ADA |
| JANIE QUINTEROS, ISSAC C. QUINTEROS, CORINE G. QUINTEROS, PAULA A. RUNNELS, SHERRY LOSSING, BARBARA L. SAWYER, VIRGINIA O. WILLOUGHBY, and the UNKNOWN HEIRS AT LAW OF FAUSTINO G. QUINTEROS a/k/a F. G. QUINTEROS, DECEASED, *Defendants* § § § § § § § § § § § § § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff's Motion for Default Judgment filed October 25, 2018, (Dkt. 38). Having reviewed the motion, the governing law, and the file in this case, the Court now enters the following opinion and order **granting** the motion.

## I. BACKGROUND

This action arises out of decedent Faustino G. Quinteros's default on his obligations under the terms of a loan agreement regarding the parcel of real property denominated 715 West 3rd Street, Eddy, Texas 76524 (the "Property"). For relief of that default Plaintiff seeks the following declarations: (1) that the outstanding balance of the Note, pre-judgment interest, post-judgment interest from the date of judgment until paid, costs of court, and attorneys' fees in an amount to be determined upon subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i), are secured by Plaintiff's Security Instrument on the Property; (2) that should Plaintiff's statutory probate lien against the Property be enforced by a foreclosure or public auction, then through that foreclosure or auction Defendants will be divested and the purchaser at foreclosure sale will be vested with all of said Defendants' right, title, and interest to the Property; and (3) that Plaintiff may foreclose on the Property pursuant to the Security Instrument and Texas Property Code § 51.002.

On June 7, 2017, Plaintiff filed its original complaint against Defendants seeking injunctive relief and monetary damages (Dkt. 1). Corine G. Quinteros was served on June 16, 2017, (Dkt. 10). Paula A. Runnels was served on June 16, 2017, (Dkt. 11). Sherry Lossing was served on June 22, 2017, (Dkt. 12). Janie Quinteros was served on July 20, 2017, (Dkt. 15). Isaac C. Quinteros was served on August 22, 2017, (Dkt. 16). The Unknown Heirs of Faustino G. Quinteros were served by publication on December 29, 2017, (Dkt. 24). Barbara L. Sawyer was served on September 25, 2018, (Dkt. 34). Virginia O. Willoughby was served on September 3,

2018, (Dkt. 34). Defendants have failed to file any answers in compliance with the Federal Rules of Civil Procedure.

On October 25, 2018, Plaintiff requested entry of default against Defendants (Dkt. 37). The District Clerk's Office filed an entry of default on November 8, 2018 (Dkt. 39). Also on October 25, 2018, Defendants filed the instant Motion for Default Judgment (Dkt. 38).

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a defendant has defaulted, the Court may enter a final judgment without conducting a trial on the merits. Fed. R. Civ. P. 55(b). Default judgments are disfavored and should only be granted in "extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). However, granting default judgment is generally a matter within the district court's discretion. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

Obtaining a default judgment is a three-step process: (1) default by the defendant; (2) an entry of default; and (3) the default judgment itself, issued by the court. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). There can be no default if the defendant has not been served. *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139,

1152 n.11 (2nd Cir.1995). The plaintiff bears the burden of showing that the summons and complaint were served upon the defendant on a certain date. *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1398 (7th Cir. 1993). Judgment cannot be rendered against a defendant unless the defendant has been served with process or has otherwise appeared or waived service of process. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). After the defendant's default has been entered, and upon the plaintiff's request for entry of judgment on the default, the court deems the plaintiff's well-pleaded factual allegations admitted. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Although, as aforementioned, a court deems well-pleaded facts as admitted, the court must still determine whether those facts state a claim upon which relief may be granted. *See Lewis*, 236 F.3d at 767 (affirming district court's denial of entry of default judgment because, even if true, plaintiff's allegations would not support imposing liability against defendants). In the instant case, the foregoing requirements are met, and Plaintiff is entitled to a default judgment against Defendants.

## III. APPLICATION

Plaintiff has shown that a default judgment should be entered against Defendants. The docket of this case indicates that Defendants have been served and

4

have failed to file an answer in compliance with the Federal Rules of Civil Procedure, that Defendants are neither minors nor servicemen, and that the District Clerk's Office has entered default against them. Default judgment is therefore procedurally appropriate.

Furthermore, the facts Plaintiff pleads state a claim upon which relief may be granted. In the instant action, Plaintiff does not seek monetary damages against Defendants, but seeks instead certain declarations and a judgment allowing foreclosure on Defendants' interests in the subject Property. Plaintiff is not seeking liquidated damages, and Plaintiff's claims are proved by the documents that make up the Loan Agreement; no hearing is therefore necessary to establish the amount of Plaintiff's damages.

Plaintiff prays also for reasonable and necessary attorneys' fees against Defendants based on Texas Civil Practice and Remedies Code Chapters 37 and 38 and pursuant to the terms of the loan documents executed by Decedent. Plaintiff is entitled to attorneys' fees under Chapter 37 because it seeks a declaratory judgment concerning its authority to enforce the power of sale in the Security Instrument through foreclosure of the Property. Plaintiff is further entitled to attorneys' fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. Finally, Plaintiff is also entitled to attorneys' fees pursuant to the terms of the Note and Security Instrument at issue in this case.

## IV. CONCLUSION

Based on the foregoing analysis of the facts and legal principles, Plaintiff's Motion for Default Judgment is meritorious; therefore, Plaintiff is entitled to a default judgment against Defendants. Accordingly, it is

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Default Judgment filed October 25, 2018, (Dkt. 38), is **GRANTED**. It is further

**ORDERED, ADJUDGED, AND DECREED** that the material allegations of the Complaint be and are deemed admitted as to Defendants. It is further

**ORDERED, ADJUDGED, AND DECREED** that an event of default has occurred on that certain Note executed on or about July 26, 2006, by Faustino G. Quinteros a/k/a F.G. Quinteros, deceased (the "Decedent"), and originally made payable to Highland Capital Lending, Inc., as lender on a loan secured by the Property (hereinafter "Note"). The same day, Decedent executed that certain Texas Home Equity Security Instrument (First Lien) ("Security Instrument"), dated July 26, 2006, and recorded it in the Real Property Records for McLennan County, Texas, at Document No. 2006028646. Plaintiff is the current legal owner and holder of the Note endorsed in blank who has the right to enforce the Security Instrument. It is further

**ORDERED, ADJUDGED, AND DECREED** that as the current legal owner and holder of the Note endorsed in blank who has the right to enforce the Security Instrument, Plaintiff has a first lien security interest on that certain real property

commonly known as 715 West 3rd Street, Eddy, Texas 76524, and more particularly described as follows:

> Being 0.29 acres of land out of the Levi Prewitt Survey in McLennan County, Texas, and being a part of that certain 7.58 acre tract of land conveyed to W.H. Cast by deed recorded in Volume 1050, Page 605 of the McLennan County Deed Records:
>
> Beginning at an iron stake at a point N 64° 01' W 200 feet, N 26° 38' E 179.79 feet, N 69° 53' W 90.56 feet, N 63° 43' W 450 feet, from the southeast corner of the said 7.58 acre tract;
>
> Thence N 64° 49' W 102 feet to an iron stake for the Southwest corner of this;
>
> Thence N 33° 18' E 127.8 feet to an iron stake for the Northwest corner of this, in the south line of F.M. Highway No. 107 and in the north line of said 7.58 acre tract;
>
> Thence in an easterly direction with the south line of the said highway and around a curve to the right, radius 2673.83 feet long chord brs., S 73° 04 E 89.99 feet for a distance of 90 feet to an iron stake for the northeast corner of this;
>
> Thence S 27° 12 W 139.6 feet to the place of beginning.

It is further

**ORDERED, ADJUDGED, AND DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest; post-judgment interest; and costs of court. It is further

**ORDERED, ADJUDGED, AND DECREED** that due to event of default on the Note, Plaintiff, or its successors or assigns, may enforce its Security Instrument against the Property through non-judicial foreclosure of the Property as provided in the Security Instrument and Texas Property Code § 51.002. It is further

**ORDERED, ADJUDGED, AND DECREED** that, should Plaintiff proceed with foreclosure on the Property, then the purchaser at the foreclosure sale will be vested with all of Defendants' interest, rights, and title in the Property. It is further

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff may further communicate with Defendants, and all third parties reasonably necessary to conduct the foreclosure sale. It is further

**ORDERED, ADJUDGED, AND DECREED** that all costs are to be taxed against Defendants up to the value of the Property and not as a personal judgment against Defendants. It is further

**ORDERED, ADJUDGED, AND DECREED** that attorney ad litem Dan Maclemore shall be awarded reasonable and necessary attorney fees of $1,920.00 to be taxed as costs and to be paid by Plaintiff. It is further

**ORDERED, ADJUDGED, AND DECREED** that any relief not specifically granted in this Judgment is **DENIED** and any party not otherwise disposed of **DISMISSED**. This is a final judgment, disposing of all parties and all claims and may be appealed by any party hereto. All for which let execution issue.

SIGNED this 15th day of January 2019.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE